IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARTIS SPECIALTY INSURANCE  COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-1527 |
| | § | |
| JSW STEEL (USA), INC., | § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Chartis Specialty Insurance Company ("Chartis Specialty") hereby files this Original Complaint, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, Texas Civil Practice & Remedies Code §37.001, *et seq.*, and Federal Rule of Civil Procedure 57, seeking construction of insurance policies and a declaration that Chartis Specialty does not owe coverage to defendant JSW Steel (USA), Inc. ("JSW") for a judgment entered and verdict rendered in an underlying lawsuit.  Plaintiff shows the Court the following:

### I.

### NATURE OF THE CASE

1.1     This is a declaratory judgment action filed to determine the rights and obligations under insurance contracts for liability for a verdict rendered in an underlying case tried in the United States District Court for the Southern District of Texas, Houston Division, styled *MM Steel, LP v. Reliance Steel & Aluminum Company; Chapel Steel Corporation; American Alloy Steel, Inc.; Arthur J. Moore; JSW Steel (USA), Inc.; Nucor Corporation; and SSAB Enterprises, LLC d/b/a SSAB America,* Civil Action No. 4:12-CV-01227 ("the Underlying Lawsuit").

1.2    The Underlying Lawsuit was tried and submitted to the jury on allegations of antitrust violations under Section 1 of the Sherman Act asserted against all defendants and a breach of contract claim asserted against JSW, only.

## II.

### PARTIES, JURISDICTION AND VENUE

2.1    Chartis Specialty is a corporation that is organized under the laws of the State of Illinois with its principal place of business in New York.

2.2    JSW is a Texas corporation with its principal place of business in Baytown, Chambers County, Texas.  JSW may be served through its registered agent, Corporation Service Company d/b/a CSC—Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

2.3    The amount in controversy is in excess of $75,000, exclusive of interest and costs. The parties to this lawsuit are citizens of different states.  Therefore, this Court has jurisdiction over the lawsuit under 28 U.S.C. §1332.

2.4    Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events giving rise to Chartis Specialty's claim occurred in this district.

## III.

### FACTS

3.1    Chartis Specialty issued to JSW a Commercial General Liability and Pollution Legal Liability Policy number EG 124-84-252 with a policy period effective September 30, 2010 to September 30, 2011, and renewed with the same policy number effective September 30, 2011 to June 1, 2012, and then again for the policy period effective June 1, 2012 to June 1, 2013 (the

"Chartis Specialty Primary Policy").  Chartis Specialty issued to JSW a commercial umbrella policy number EGU 124-84-888 with a policy period effective September 30, 2010 to September 30, 2011, and renewed with the same policy number effective September 30, 2011 to September 30, 2012, and again September 30, 2012 to September 30, 2013.

3.2    In the Underlying Lawsuit, MM Steel, LP ("MM Steel") sought recovery from JSW and the other defendants for an alleged "group boycott" to drive MM Steel out of business, in violation of Section 1 of the Sherman Act, and also asserted claims for tortious interference with existing contracts, tortious interference with prospective contracts, business disparagement, and conspiracy.  MM Steel also sought recovery against JSW for breach of contract.  *See* Complaint, Exhibit 1.

3.3    Before trial in the Underlying Lawsuit, MM Steel abandoned all of its state law claims expect for its breach of contract claim against JSW.

3.4    During trial in the Underlying Lawsuit, MM Steel confirmed to the court that it intended to proceed to verdict only on its antitrust claim against all defendants, and breach of contract claim against JSW.

3.5    When the Underlying Lawsuit proceeded to jury deliberations, the jury was tasked with determining liability on two charges: (1) violation of Section 1 of the Sherman Act against all defendants, and (2) breach of contract against JSW, only.  *See* Jury Instructions and Verdict, Exhibit 2.

3.6    The jury awarded MM Steel the following: $52 million against all defendants for violation of Section 1 of the Sherman Act, and $2 million against JSW, only, for breach of contract.

3.7     On April 29, 2014, the Court entered Final Judgment against all defendants in the amount of $156 million.  MM Steel advised the Court before judgment was entered that it did not intend to pursue recovery on its $2 million breach of contract award against JSW.  *See* Final Judgment, Exhibit 3.

## IV.

### THE CHARTIS SPECIALTY PRIMARY POLICY

4.1     The Chartis Specialty Primary Policy issued to JSW covers accidents, and not intentional conduct or breach of contract.

4.2     Coverage A of the Chartis Specialty Policy indemnifies an insured for "bodily injury" or "property damage" due to an "occurrence," as follows:

**SECTION I - COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement.**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies.  We will have the right and duty to defend the insured against any **suit** seeking those damages.  However, we will have no duty to defend the insured against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply.  We may, at our discretion, investigate any **occurrence** and settle any **claim** or **suit** that may result…

\* \* \*

b.     This insurance applies to **bodily injury** and **property damage** only if:

(1)     The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the coverage territory**;** and

(2)     The **bodily injury** or **property damage** occurs during the policy period; and

(3)     Prior to the policy period, no insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** and no **employee** authorized by you to give or receive notice of an **occurrence** or **claim**, knew that the **bodily injury** or **property damage** had occurred, in whole or in part.  If such a listed insured or authorized **employee** knew, prior to the policy period, that the **bodily injury** or **property damage** occurred, then any

continuation, change or resumption of such **bodily injury** or **property damage** during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

2.      **Exclusions**

This insurance does not apply to:

a.      **Expected or intended injury**

**Bodily injury** or **property damage** expected or intended from the standpoint of the insured.  This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property.

\* \* \*

o.      **Personal and Advertising Injury**

Bodily injury arising out of personal and advertising injury.

\* \* \*

v.      **Punitive Damages**

Any punitive, exemplary or the multiplied portion of multiplied damages, or any civil or administrative fines, penalties or assessments, except where such damages, fines, penalties or assessments are insurable by applicable law.

\* \* \*

4.3     Coverage B of the Chartis Specialty Policy covers an insured for "personal and advertising injury," as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1.      **Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of **personal and advertising injury** to which this insurance applies.  We will have the right and duty to defend the insured against any **suit** seeking those damages.  However, we will have no duty to defend the insured against any **suit** seeking damages for **personal and advertising injury** to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any **claim** or **suit** that may result . . .

\* \* \*

2.      **Exclusions**

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 5**

This insurance does not apply to:

    **a.**    **Knowing Violation of Rights of Another**

        **Personal and advertising injury** caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict **personal and advertising injury**.

    **b.**    **Material Published With Knowledge of Falsity**

        **Personal and advertising injury** arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

    **c.**    **Material Published Prior to Policy Period**

        **Personal and advertising injury** arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

* * *

    **f.**    **Breach of Contract**

        **Personal and advertising injury** arising out of a breach of contract, except an implied contract to use another's advertising idea in your **advertisement**.

* * *

    **u.**    **Punitive Damages**

        Any punitive, exemplary or the multiplied portion of multiple damages, or any civil or administrative fines, penalties or assessments, except where such damages, fines, penalties or assessments are insurable by applicable law.

* * *

4.4    The relevant definitions are defined in the Chartis Specialty Policy as follows:

**SECTION VI - DEFINITIONS**

* * *

    **3.**    **Bodily injury** means bodily injury, physical injury, sickness, disease, mental anguish, shock or emotional distress sustained by any person, including death resulting from any of these at any time.

* * *

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 6**

29.     **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

30.     **Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

     a.      False arrest, detention or imprisonment;

     b.      Malicious prosecution;

     c.      The wrongful eviction from, wrongful entry into, or  invasion  of  the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

     d.      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

     e.      Oral or written publication, in any manner, of material that violates a person's right of privacy;

     f.      The use of another's advertising idea in your advertisement;

     g.      Infringing upon another's copyright, trade dress or slogan in your advertisement; or

     h.      Discrimination or humiliation that results in injury to the feelings or reputation of a natural person provided such discrimination or humiliation:

          (1)     is done without direction, knowledge or consent of (i) any insured; or (2) any executive officer, direction, officer, stockholder, partner or member of  any insured; and

          (2)     is not directly or indirectly related to employment, former or prospective employment, termination of employment, or application for employment of any person or persons by any insured.

* * *

31.     **Property damage** means:

**Applicable to Coverages A and B**

     **a.**      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

     **b.**      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it.

4.5     MM Steel did not assert any claims for "bodily injury" or "property damage" against JSW in the Underlying Lawsuit, and no verdict was rendered on MM Steel's behalf finding JSW liable for any "bodily injury" or "property damage" to MM Steel.  Therefore, no coverage is afforded to JSW under Coverage A- Bodily Injury and Property Damage Liability.

4.6     In addition, no verdict was rendered on MM Steel's behalf finding JSW liable for any "personal and advertising injury" liability, as that term is defined in the Chartis Specialty Policy. Instead, MM Steel recovered under its antitrust and breach of contract theories of recovery, only.  *See* Jury Instructions and Verdict, Exhibit 3.

4.7     The Chartis Specialty Primary Policy includes that following applicable Coverage B exclusions:  (a) knowing violation of rights of another, (b) material published with knowledge of falsity, (c) material published prior to policy period, (f) breach of contract and (u) punitive damages.  In particular, the jury found the conduct was committed by JSW "knowingly," a term defined in the jury charge as "voluntarily and intentionally, and not because of a mistake or accident or other innocent reason."   Even if damages because of "personal and advertising injury" were stated as part of the judgment, based on the jury verdict, any "personal and advertising injury" was caused by knowing misconduct with the intent to harm plaintiff.  The Chartis Specialty Primary Policy exclusion for knowing violation of the rights of another is applicable to all claims on which MM Steel recovered.

4.8     Moreover, the jury found JSW breached its contract with Plaintiff.  Although Plaintiff chose not to recover on final judgment against JSW on its breach of contract claim, all "personal and advertising injury," if any, arises out of a breach of contract by JSW and is excluded by exclusion (f).

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 8**

4.9     Moreover, the Chartis Specialty Primary Policy excludes punitive damages, including the "multiplied portion of multiple damages … except where such damages, fines, penalties or assessments are insurable by applicable law."  No Texas law makes a knowing violation of the Sherman Act multiple damage award insurable.  Under Texas law, punitive damages are uninsurable as against public policy for direct, intentional misconduct like that found in the Underlying Lawsuit.  Accordingly, Chartis Specialty is entitled to a declaration that no coverage is afforded JSW for the multiplier on the antitrust damage award.

4.10    Because the verdict rendered against JSW was for claims not covered by the Chartis Specialty Primary Policy, Chartis Specialty respectfully requests the Court to declare that Chartis Specialty has no obligation to defend JSW post-verdict or indemnify JSW for the jury's verdict or the judgment for liability and damages thereon against JSW in the Underlying Lawsuit.

## V.

### CHARTIS SPECIALTY UMBRELLA POLICY

5.1     The Chartis Specialty Umbrella Policy provides two coverage parts: Coverage A - Excess Following Form Liability Insurance and Coverage B - Umbrella Liability Insurance :

**I.      COVERAGES**

**COVERAGE A. - EXCESS FOLLOWING FORM LIABILITY INSURANCE**

We will pay on behalf of the insured that portion of **ultimate net loss** in excess of the **retained limit** which the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury, advertising injury, cleanup costs** or **loss** to which this insurance applies, due to:

    1.      liability imposed upon the insured by law or
    2.      liability assumed by the insured under an **insured contract**.

This Coverage A. applies to **ultimate net loss** resulting from **bodily injury, property damage, personal injury, advertising injury, cleanup costs** or **loss** only if and to the extent covered by **underlying insurance**.  The insurance afforded under this Coverage A. is subject to the same insuring agreements, exclusions, definitions and conditions contained in the **underlying insurance** in effect on the inception date of this policy,

except as to premium, duty to defend, limits of liability and notice, and except as to any other provisions in this policy inconsistent with those in the **underlying insurance**.

**COVERAGE B. - UMBRELLA LIABILITY INSURANCE**

We will pay on behalf of the insured that portion of **ultimate net loss** in excess of the **retained limit** which the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies, due to:

    1.       liability imposed upon the insured by law or
    2.       liability assumed by the insured under an **insured contract**.

This Coverage B. applies to **ultimate net loss** resulting from:

    1.       **Bodily injury** or **property damage** caused by an **occurrence** happening anywhere in the world, provided the **bodily injury** or **property damage** occurs during the **policy period**; or

    2.       **Personal injury** or **advertising injury** caused by an offense happening anywhere in the world, provided the offense was committed during the **policy period**.

This Coverage B. does not apply to any **claim** or **suit** covered by **underlying insurance** or which would have been covered by **underlying insurance** but for the exhaustion of the limits of insurance of **underlying insurance**.

* * *

    5.2    Coverage A in the Umbrella Policy is subject to the same insuring agreements, exclusions, definitions and conditions contained in the underlying insurance, identified as the Chartis Specialty Primary Policy, except as to any provisions in the Chartis Specialty Umbrella Policy inconsistent with those in the Chartis Specialty Primary Policy.

    5.3    For all the reasons identified in ¶¶4.1 through 4.9, neither the Chartis Specialty Primary Policy nor Coverage A to the Chartis Specialty Umbrella Policy are implicated by the Final Judgment or jury verdict in the *MM Steel* case.  MM Steel did not recover a judgment for "bodily injury," "property damage" or "personal injury and advertising injury."  Similarly, the claims are excluded by exclusions (a) knowing violation of rights of another, (b) material published with knowledge of falsity, (c) material published prior to policy period, (f) breach of contract and (u) punitive damages.

5.4     Coverage B in the Chartis Specialty Umbrella Policy applies to "ultimate net loss" in excess of the "retained limit" resulting from "bodily injury" or "property damage" caused by an "occurrence" or "personal injury" or " advertising injury" caused by an offense.  Coverage B does not apply to any claim or suit covered by the Chartis Specialty Primary Policy.

5.5     The claims asserted by MM Steel and the judgment rendered against JSW do not implicate "bodily injury," "property damage" caused by an "occurrence."

5.6     The claims asserted by MM Steel and the judgment rendered against JSW do not implicate "personal injury" or "advertising injury."   Moreover, Coverage B to the Chartis Specialty Umbrella Policy is subject to the same exclusions contained in the Chartis Specialty Primary Policy, including exclusion (a) knowing violation of rights of another, (b) material published with knowledge of falsity, (c) material published prior to policy period, (f) breach of contract and (u) punitive damages.

5.7     Because the verdict rendered and judgment entered against JSW do not include covered claims under the Chartis Specialty Umbrella Policy, Chartis Specialty respectfully requests a declaration that Chartis Specialty has no obligation to defend JSW post-judgment or indemnify JSW for the judgment against it in the Underlying Lawsuit.

## VI.

### PRAYER

WHEREFORE, plaintiff Chartis Specialty Insurance Company seeks the declarations set forth above and for such other and further relief, legal and equitable, to which it is justly entitled.

Respectfully submitted,


s/Ellen Van Meir
Ellen Van Meir
Attorney-In-Charge
State Bar No.  00794164
Southern District Bar No. 20363
evanmeir@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 – FAX

COUNSEL FOR PLAINTIFF CHARTIS
SPECIALTY INSURANCE COMPANY