UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARTIS SPECIALTY INSURANCE CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1527 |
| | § | |
| JSW STEEL (USA), INC., | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

This order addresses the following motions pending before the court: Defendant JSW Steel Inc.'s ("JSW") motion to dismiss as to plaintiff's duty to defend (Dkt. 6); and the parties' jointly filed motion to abate scheduling deadlines (Dkt. 36). After considering the motion, responses, and applicable law, JSW's motion to dismiss is DENIED and the parties' jointly filed motion to abate scheduling deadlines is GRANTED.

This case arises out of insurance policies that plaintiff Chartis Specialty Insurance Company ("Chartis") issued to JSW to cover specified business-related risks. Dkt. 1 at 1–3. JSW made a claim on the policies after it was sued for allegedly conspiring to boycott another business and run it out of business. *Id.* at 3. Chartis alleges that it agreed to defend JSW in the claim out of an abundance of caution, even though the pleadings in the case alleged no facts that might implicate the insurance coverage, because one of the causes of action against defendants was for "business disparagement." Dkt. 11 at 3. However, the business disparagement claim was abandoned before the trial. *Id.* At that point, Chartis notified JSW that it would not continue to defend the lawsuit after a verdict had been reached, nor indemnify JSW for the final judgment. *Id.* JSW continued to

seek coverage for the lawsuit, at which point Chartis filed this lawsuit seeking a declaratory judgment as to its rights and obligations under the policies. Dkt. 1 at 1.

JSW moves to dismiss Chartis' complaint under Federal Rule of Civil Procedure Rule 12(b)(6), which allows dismissal for "failure to state a claim upon which relief may be granted." In such a motion, the court must liberally construe the complaint in favor of the plaintiff, and the court cannot dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Such motions are viewed with disfavor and are rarely granted. The court has reviewed the pleadings and finds that Chartis has plead facts sufficient to state a claim upon which relief could be granted as to duty to defend.[1] Therefore, JSW's motion to dismiss is DENIED.

Further, because the duty to defend is a question of law for the court to address, the court agrees with the parties that the deadlines should be abated and reset once the court has issued a ruling on this issue. Therefore, the parties' joint motion to abate the current deadlines is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on February 26, 2015.

_____
Gray H. Miller
United States District Judge

---

[1] Since JSW filed the motion to dismiss, it has also submitted the same issue and arguments to this court in a motion for summary judgment. Dkt. 22. Chartis has also filed a motion for summary judgment as to the duty to defend and the duty to indemnify. Dkt. 20. The court will consider these motions concurrently and in due course. At that time, the court will also consider the motion to abate consideration of the duty to indemnify (Dkt. 23), and whether the timing is appropriate to consider the motion to strike JSW's expert report on attorney's fees (Dkt. 29).